Aron Steuer, J.
Plaintiff markets a product called ‘1 Lavender Mist ” which is a lavender-scented spray for linens, closets and the like. Defendant has come on the market with a product to be similarly used called “ Lavender Sachet Mist ”. Plaintiff seeks to enjoin the use of that name.
“ Lavender ” is a descriptive word of the scent and color of the flower of the same name. No exclusive rights to its use in connection with a product so scented or colored can be obtained. It is different with the word “mist.” Mist refers to a natural phenomenon similar to a fine rain but suspended in the atmosphere rather than falling. The word also defines the obscurity resulting from its presence. Its use in connection with a spray might ordinarily be said to be fanciful and rights in connection with it can be obtained. However the record shows that three manufacturers other than the parties use the word “ mist ” to describe a like product. Where a use is general, even though fanciful, no proprietary rights can be maintained. This is not to say that if several manufacturers adopt a title to which another has rights, the latter is without remedy any more than a patentee loses no rights because there are several infringers instead of one. It merely means that the existence of these *211 several users in the field easts doubt on whether the title is exclusive with plaintiff or in the public domain.
Plaintiff also complains of defendant’s packaging. An almost unbelievable number of similar products were exhibited on the argument. They are all sold in cans of very similar size and generally of a pastel color associated with the flower suggested. Likewise they all have a spraying device in the cap. In fact, of the lot, defendant’s package appears to this nonprofessional eye as the most distinctive from the others.
Final determination will have to await the trial but sufficient has been shown to defeat relief in advance.